UNITED STATES DISTRICT COURT
DISTRICT OF NEW HAMPSHIRE

Donna M. Stahl

     v.                                    Civil No. 20-cv-0557-JL
                                             Opinion No. 2021 DNH 034P

ExteNet Systems, Inc., et al

**MEMORANDUM ORDER**

This case concerns the recovery of supplemental life insurance benefits under a policy regulated by ERISA, the Employee Retirement Income Security Act. Gary Stahl worked for the defendant ExteNet Systems, Inc.. Mr. Stahl purchased employer-sponsored life insurance, which was issued by the defendant Guardian Life Insurance Company of America, and he named the plaintiff, Donna Stahl, as the beneficiary of his policy. During the open enrollment period for 2018, Mr. Stahl elected to purchase $150,000 of additional supplemental life insurance. ExteNet deducted premiums from Mr. Stahl's biweekly earnings commensurate with this life insurance coverage throughout 2018.

Mr. Stahl passed away at the end of 2018, and the plaintiff claimed life insurance benefits from Guardian. Guardian denied her claim for the $150,000 of supplemental life insurance, concluding that the supplemental coverage under the policy was not effective because Mr. Stahl failed to provide evidence of insurability. Guardian cited language from the Guardian Group Insurance Policy ("the Plan") that required the Plan participant to provide proof of insurability for amounts of life insurance in excess of $100,000.

Mrs. Stahl alleges that neither defendant requested evidence of insurability from her husband or notified him that the supplemental life insurance policy was not effective. After exhausting her administrative remedies, Mrs. Stahl filed this suit, asserting breach of fiduciary

duty claims (Counts 1 and 2); wrongful denial of benefits claims (Counts 3 and 4); and claims

for equitable relief (Counts 5 and 6) against both defendants, under three subsections of ERISA §

502(a), the statute's civil remedial scheme.

ExteNet and Guardian seek to dismiss Counts 1 and 2, the § 502(a)(2) fiduciary breach

claims against them, for failure to state a claim upon which relief can be granted.  See Fed. R.

Civ. P. 12(b)(6).  Both defendants argue that the plaintiff does not bring her § 502(a)(2) claim on

behalf of the Plan, nor does she seek a remedy that inures to the Plan, as required under that

section of the statute.  Guardian also seeks to dismiss Count 4, the wrongful denial of benefits

claim under § 502(a)(1)(B), for failure to state a claim for which relief can be granted.  See id.

Guardian argues that the plaintiff does not allege that she satisfied the evidence of insurability

requirements as adopted in the Plan, so she cannot state a claim for benefits under the terms of

the Plan, as required under § 502(a)(1)(B).

The court has subject-matter jurisdiction under 28 U.S.C. § 1331 (federal question) and

29 U.S.C. § 1132(e)(1) (federal question – ERISA).  After reviewing the parties' submissions

and holding oral argument, the court grants both defendants' motions with respect to the

§ 502(a)(2) claims because Mrs. Stahl does not seek an appropriate remedy under that section of

the statute.  The court denies Guardian's motion with respect to the § 502(a)(1)(B) claim against

it for the reasons stated on the record at oral argument.[1]

---

[1] This Order dismisses some, but not all, of the plaintiff's claims against ExteNet and Guardian.
As a result, the Order has a negligible effect on the scope and nature of the case.  Since the
§ 502(a)(1)(B) and § 502(a)(3) claims against both defendants still remain, the Order does not
remove either defendant from the case.  Also, since the facts alleged concerning the Plan and the
defendants' actions are largely the same for all of the plaintiff's claims, this Order is unlikely to
meaningfully alter the scope of discovery.  Finally, the remedies available under the remaining
claims are similar to the remedies that Mrs. Stahl requested in her dismissed § 502(a)(2) claims.

## I.      Applicable legal standard

In order to survive a Rule 12(b)(6) motion to dismiss, "Federal Rule of Civil Procedure

8(a)(2) requires only 'a short and plain statement of the claim showing that the pleader is entitled

to relief . . . .'" Sepulveda-Villarini v. Dep't of Educ. of Puerto Rico, 628 F.3d 25, 28 (1st Cir.

2010) (quoting Fed. R. Civ. P. 8(a)(2)).  Under this standard, the plaintiff must plead "factual

content that allows the court to draw the reasonable inference that the defendant is liable for the

misconduct alleged."  Martinez v. Petrenko, 792 F.3d 173, 179 (1st Cir. 2015).  Dismissal is

warranted when a complaint's factual averments are "too meager, vague, or conclusory to

remove the possibility of relief from the realm of mere conjecture."  In re Montreal, Maine &

Atl. Ry., Ltd., 888 F.3d 1, 6 (1st Cir. 2018) (quoting SEC v. Tambone, 597 F.3d 436, 442 (1st

Cir. 2010) (en banc)).  In evaluating whether the plaintiff has met her pleading burden, the court

"accept[s] the complaint's well-pleaded facts as true and indulge[s] all reasonable inferences in

the plaintiff's favor."  Borras-Borrero v. Corporación del Fondo del Seguro del Estado, 958 F.3d

26, 33 (1st Cir. 2020) (internal quotation omitted).


## II.     Background

The court gathers the following facts from the complaint and from information contained

in the documents on which the complaint relies and which are central to the plaintiff's claims.

See Curran v. Cousins, 509 F.3d 36, 44 (1st Cir. 2007) (in determining the sufficiency of the

complaint under Rule 12(b)(6), the court may consider "documents central to plaintiffs' claim

[and] . . . documents sufficiently referred to in the complaint" (internal quotation omitted)).

Mr. Stahl, the plaintiff's husband, worked for ExteNet from 2005 until his death in 2018.

Mr. Stahl's benefits included an ERISA-regulated life insurance policy, which was sponsored by

his employer ExteNet and issued by Guardian.  Mr. Stahl named his wife, the plaintiff, as his life

insurance beneficiary.[2]  As of December 31, 2017, Mr. Stahl's coverage included a group term

life insurance policy equivalent to his base salary of $160,000, and $100,000 of supplemental life

insurance.[3]  During the open enrollment period for 2018, Mr. Stahl elected to purchase $150,000

of additional supplemental life insurance effective as of January 1, 2018.[4]  Accordingly, ExteNet

deducted the premium for a total of $250,000 of supplemental life insurance from Mr. Stahl's

biweekly earnings beginning with his second paycheck in January 2018.[5]

      The Plan states under the heading "Proof of Insurability Requirements" that Guardian

"require[s] proof [of insurability] for amounts of optional term life insurance in excess of

$100,000."[6]  In the final days of December 2017, Johanna Roback, the Human Resources

Manager at ExteNet, emailed Isabel Godinez-Huff, Guardian Life Insurance Account Manager,

and noted that ExteNet "was planning to inform all ExteNet employees who made new elections

for 2018 . . . that 'they need to submit [Evidence of Insurability].'"[7]  In early January 2018, Ms.

Roback emailed Ms. Godinez-Huff again to inquire about the status of "the report [they]

discussed" listing the employees and dependents who must provide evidence of insurability.[8]

Ms. Godinez-Huff replied twice on January 8, 2018.  In her first email, Ms. Godinez-Huff

---

[2] Complaint (doc. no. 1) at ¶ 9.

[3] Id. at ¶ 16.

[4] Id. at ¶ 18; Employee Benefits Elections Form (doc. no. 1-1) at 5.

[5] Complaint (doc. no. 1) at ¶¶ 18-21, 36; see also December 28, 2018 Earnings Statement (doc. no. 1-2).

[6] March 7, 2019 Guardian Benefits Denial Letter (doc. no. 1-4) at 1.

[7] Complaint (doc. no. 1) at ¶ 22.

[8] Id. at ¶ 24.

explained that the "Escalation team" would generate "a list of all [employees] and dependents that will need to provide [evidence of insurability] for the additional amounts."[9]  In her second email, Ms. Godinez-Huff attached a spreadsheet entitled "515750 Changes Only 2018 Supp Life ADD Elections."[10]

Mr. Stahl passed away on December 24, 2018.  In January 2019, Ms. Roback submitted a Group Life Claim Form to Guardian on behalf of the plaintiff, claiming $161,000 in basic life insurance and $250,000 in supplemental life insurance benefits.[11]  The form also noted that Mr. Stahl had paid his life insurance premiums through December 31, 2018.[12]  A couple months later, Guardian notified the plaintiff that it would not pay her the additional $150,000 in supplemental life insurance benefits because Mr. Stahl failed to provide evidence of insurability. In the denial letter, attached as Exhibit D to the complaint, Guardian included an excerpt from the Plan, which set forth the proof of insurability requirements.  The excerpt stated that Guardian "require[s] proof [of insurability] for amounts of optional term life insurance in excess of $100,000.00[,]" which "means the employee must submit to [Guardian] proof that he or she is insurable, and [Guardian] must approve that proof in writing before the insurance . . . becomes effective."[13]  The denial letter further stated that, on January 8, 2018, Guardian's "office advised proof of insurability was required" for Mr. Stahl's $150,000 supplemental life insurance

---

[9] Id. at ¶ 25.

[10] Id. at ¶ 26.  The January 8, 2018 emails and spreadsheet referenced in the complaint were not included in the submissions to the court.

[11] Id. at ¶¶ 31-32; Group Life Claim Form (doc. no. 1-3) at 1.

[12] Complaint (doc. no. 1) at ¶ 36; Group Life Claim Form (doc. no. 1-3) at 1.

[13] March 7, 2019 Guardian Benefits Denial Letter (doc. no. 1-4) at 1; see also Complaint (doc. no. 1) at ¶ 37.

Case 1:20-cv-00557-JL   Document 29   Filed 02/10/21   Page 6 of 11

coverage to become effective, but "since [Guardian] did not receive a response, the additional amount of coverage elected did not become effective."[14]

Neither ExteNet nor Guardian requested evidence of insurability from Mr. Stahl at any time after he elected the additional supplemental coverage.[15]  Nor did either defendant inform Mr. Stahl that the additional $150,000 of supplemental life insurance coverage was not effective.[16]

In May 2019, the plaintiff submitted a request for reconsideration of Guardian's decision. Guardian's Appeals Committee denied the request about two months later, in a letter attached to the complaint as Exhibit E.  The letter included an excerpt from the Plan, with the same proof of insurability requirement quoted in Guardian's March 2019 denial letter.[17]  The Appeals Committee concluded that the additional $150,000 in supplemental life insurance was not payable to the plaintiff because Mr. Stahl did not provide evidence of insurability, which "was requested by [Guardian's] billing department in the email sent to ExteNet System dated January 8, 2018."[18]  The plaintiff then filed this suit for relief under three separate remedial provisions in ERISA § 502(a).

---

[14] Complaint (doc. no. 1) at ¶ 38; March 7, 2019 Guardian Benefits Denial Letter (doc. no. 1-4) at 1-2.

[15] Complaint (doc. no. 1) at ¶¶ 27-28.

[16] Id. at ¶¶ 29-30.

[17] July 5, 2019 Guardian Appeals Committee Letter (doc. no. 1-5) at 2.

[18] Id. at 4.

III. **Analysis**

Mrs. Stahl asserts six claims in tota--three claims against each defendant under three of the "six carefully integrated civil enforcement provisions found in [ERISA] § 502(a) . . . ." Massachusetts Mut. Life Ins. Co. v. Russell, 473 U.S. 134, 146 (1985). Counts 1 and 2 allege that the defendants breached their fiduciary duties in violation of § 502(a)(2); Counts 3 and 4 seek to recover benefits that were wrongfully denied under § 502(a)(1)(B); and Counts 5 and 6 seek equitable relief under § 502(a)(3). The defendants have filed partial motions to dismiss. ExteNet and Guardian seek to dismiss the § 502(a)(2) fiduciary breach claims,[19] and only Guardian seeks to dismiss the § 502(a)(1)(B) wrongful denial of benefits claim. As discussed below, Mrs. Stahl does not properly state a claim for relief under § 502(a)(2) because she has not sued or sought recovery on behalf of the Plan, and her § 502(a)(1)(B) claim against Guardian survives dismissal for the reasons stated on the record at oral argument.

A. **Breach of fiduciary duty claims against ExteNet and Guardian (ERISA § 502(a)(2))**

Guardian and ExteNet seek to dismiss the § 502(a)(2) breach of fiduciary duty claims against them. Section 502(a)(2) enables a plan "participant, beneficiary[,] or fiduciary" to bring a civil action "for appropriate relief under Section [409 of ERISA]." Section 409 provides as follows:

> Any person who is a fiduciary with respect to a plan who breaches any of the responsibilities, obligations, or duties imposed upon fiduciaries by this subchapter shall be personally liable to make good to such plan any losses to the plan resulting from each such breach, and to restore to such plan any profits of such fiduciary which have been made through use of assets of the plan by the fiduciary, and shall be subject to such other

---

[19] ExteNet submitted a one-page memorandum in support of its motion to dismiss the § 502(a)(2) claim against it (doc. no. 14-1), in which ExteNet summarized its argument briefly and stated that it joined Guardian's memorandum in support of its motion to dismiss the same claim (doc. no. 13).

equitable or remedial relief as the court may deem appropriate, including removal of such
fiduciary.

29 U.S.C. § 1109(a).  As reflected in the language of § 502(a)(2), "[s]uits brought pursuant to
this provision are derivative in nature; those who bring suit do so on behalf of the plan and the
plan takes legal title to any recovery."  Evans v. Akers, 534 F.3d 65, 70 n.4 (1st Cir. 2008)
(citing Russell, 473 U.S. at 141).  "The recovery then inures to the benefit of the plan's
participants and beneficiaries."  Id. (internal citation omitted).  In other words, § 502(a)(2)
"provides an avenue for restoring [losses or damages] to the plan coffers so that they may then
be allocated to those who were harmed by the fiduciary breach."  Id. at 73 (internal citations
omitted).

      The defendants argue that Mrs. Stahl does not state a claim for relief under § 502(a)(2)
because she does not file suit or seek a remedy on behalf of the Plan.  The defendants are correct.
Mrs. Stahl's claim centers on allegations that the defendants breached their fiduciary duties to
Mr. and Mrs. Stahl by, among other things, accepting premiums from Mr. Stahl for the additional
$150,000 in supplemental life insurance coverage without obtaining evidence of insurability to
make the policy effective.  Mrs. Stahl asserts that she "seeks to obtain relief for the financial
losses incurred as a result of the Defendants' breach of fiduciary duty."[20]  Elsewhere in the
complaint, Mrs. Stahl defines those financial losses as "damages in the amount of the policy, lost
earnings and interest on that amount, attorney's fees and any other resulting losses, harms or
damages."[21]  Mrs. Stahl does not indicate in her complaint or opposition brief that she brings this
claim on behalf of the Plan or seeks that the remedy inure to the Plan.  Thus, Mrs. Stahl does not

[20] Complaint (doc. no. 1) at ¶ 3.

[21] Id. at ¶¶ 61, 71.

state a claim for relief under § 502(a)(2).  See, e.g, Newman v. Metro. Life Ins. Co., 2013 WL 951779, at *7 (D. Mass. Mar. 8, 2013) (Casper, J.) (finding that the plaintiff "cannot articulate a claim pursuant to section 502(a)(2)" given that the plaintiff does not "indicat[e] . . . that [she] is bringing suit on behalf of the Plan" and she "only seek[s] recovery on her own behalf . . . ." (internal citations omitted)).  Mrs. Stahl's counsel confirmed at oral argument that Mrs. Stahl seeks to recover damages for herself as the policy beneficiary, and not for the Plan itself.

The plaintiff attempts to avoid dismissal by inaccurately recasting the defendants' position and arguing that it is contrary to the law.  First, Mrs. Stahl contends that the defendants are asserting that § 502(a)(2) only applies to claims of fiduciary breach that injure the plan as a whole, as opposed to individual participants or beneficiaries.  Then Mrs. Stahl asserts that the defendants' position is contrary to Supreme Court precedent in LaRue v. DeWolff, Boberg & Assocs., Inc.  In LaRue, the Supreme Court revisited its prior holding in Mass. Mutual Life Ins. Co. v. Russell, that § 502(a)(2) "protect[s] the financial integrity of the plan," and "the draftsmen were primarily concerned with . . . remedies that would protect the entire plan, rather than the rights of an individual beneficiary."  LaRue, 552 U.S. 248, 254 (2008) (quoting Russell, 473 U.S. at 142 & n.9).  The LaRue Court explained that the "emphasis on protecting the 'entire plan'" in Russell "reflect[ed] the fact that the disability plan in Russell . . . promised participants a fixed benefit," and an individual's entitlement under a plan like that (a defined benefit plan) is only affected by fiduciary breaches that threaten the solvency of the whole plan.  Id. at 255.  The petitioner in LaRue, however, sought to recover losses to his individual 401(k) retirement savings account within a defined contribution plan.  Id. at 250-51.  In a defined contribution plan, participants are paid the value of their individual accounts, which is largely a function of their individual contributions to the account.  Id. at 250 n.1.  The LaRue Court noted

that the whole plan's solvency need not be threatened in order to affect individual entitlements in a defined contribution plan, as in the petitioner's case. Id. at 255-56. Thus, the Court concluded that, in the context of a defined contribution plan, § 502(a)(2) "does authorize recovery for fiduciary breaches that impair the value of plan assets in a participant's individual account." Id. at 256.

The plaintiff's arguments surrounding LaRue and its applicability to the welfare benefit plan at issue in this case are unavailing because they focus on the types of injuries that can be remedied under § 502(a)(2). This is not responsive to (nor does it defeat) the defendants' argument, which focuses on the types of remedies plaintiffs may seek under § 502(a)(2). The defendants are correct that parties bringing § 502(a)(2) claims must seek relief that inures to the Plan, and Mrs. Stahl fails to do so. In fact, the LaRue Court stated that, although § 502(a)(2) allows for suits based on injuries to an individual participant in a defined contribution plan, "§ 502(a)(2) does not provide a remedy for individual injuries distinct from plan injuries." Id. at 256. Since Mrs. Stahl seeks remedies paid to herself, and not to the Plan, the court grants the defendants' motion to dismiss the § 502(a)(2) claims against them.

**B.      Denial of benefits claim against Guardian (ERISA § 502(a)(1)(B))**

Guardian's motion to dismiss the §502(a)(1)(B) claim against it is denied without prejudice for the reasons stated on the record at oral argument.

**IV.**   <u>**Conclusion**</u>

For the reasons stated above and the reasons stated on the record at oral argument,

ExteNet's motion to dismiss[22] is GRANTED, and Guardian's motion to dismiss[23] is GRANTED-

IN-PART and DENIED-IN-PART.  Specifically, Guardian's motion to dismiss is GRANTED as

to the § 502(a)(2) claim and DENIED without prejudice as to the § 502(a)(1)(B) claim.


**SO ORDERED.**


_____
Joseph N. Laplante
United States District Judge


Dated: February 10, 2021

cc:   Brooke Lois Lovett Shilo, Esq.
      Russell F. Hilliard, Esq.
      James Fleckner, Esq.
      Kevin DeJong, Esq.
      Jean E. Tomasco, Esq.
      Danielle Andrews Long, Esq.

---

[22] Doc. no. 14.

[23] Doc. no. 12.

11